THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Kanwal Nadeem,

                Plaintiff,

vs.

Viscosity Oil Company,

                Defendant.

JURY TRIAL DEMANDED

# COMPLAINT

Plaintiff, Kanwal Nadeem, by and through her attorney, Lisa M. Stauff of the Law Offices of Lisa M. Stauff, complains of Defendant, Viscosity Oil Company, as follows:

## NATURE OF THE CASE

1. This is a three-count action arising out of the unlawful employment actions of Defendant in violation of the Equal Pay Act of 1963 ("EPA"), 29 U.S.C. §206(d), and Title VII of the Civil Rights Act of 1964, as amended.

## JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 28 U.S.C. §1331 because this Complaint raises questions of federal law.

3. Venue is proper because Defendant conducts business in Illinois, and Plaintiff worked at Defendant's location in Illinois.

## PROCEDURAL HISTORY

4. Ms. Nadeem filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") to investigate and redress unlawful discriminatory actions by

1

Defendants on the basis of sex, retaliation for protected activity, in violation of Title VII of the Civil Rights Act of 1964, as amended. <u>Charge of Discrimination,</u> attached as Exhibit A.

5. On September 17, 2019, the EEOC issued a Notice of Right to Sue. <u>Notice of Right to Sue,</u> attached as Exhibit B.

## PLAINTIFF'S EMPLOYMENT WITH DEFENDANT

6. Plaintiff, Kanwal Nadeem, was hired by Viscosity Oil Company ("Viscosity") in January 2015 as a Financial Analyst.

7. Viscosity Oil Company is located in Willowbrook, Illinois. It is a subsidiary of Petronas Lubricants International ("PLI"), a corporation owned by the government of Malaysia and based in Kuala Lumpur, Malaysia.

8. Ms. Nadeem is a woman.

9. Ms. Nadeem performed her job duties at Defendant's location in Willowbrook, Illinois.

10. Ms. Nadeem was constructively discharged on September 7, 2018.

## COUNT I: EQUAL PAY ACT OF 1963, 29 U.S.C. §206(d)

11. In the first quarter of 2016, Ms. Nadeem told her supervisor that she was interested in a promotion to Senior Financial Analyst. Ms. Nadeem was already doing much of the duties of that position because there was no one else to do the job.

12. Ms. Nadeem's supervisor, Luis Jimenez, promised Ms. Nadeem the promotion and told her that he was working on it.

13. Ms. Nadeem continued in her role as a Financial Analyst, but performed the tasks of the Senior Financial Analyst while that position remained vacant.

14. In late-2016, Ms. Nadeem saw a job posting on LinkedIn for the Senior Financial Analyst position. She immediately spoke to Mr. Jimenez to say that she wanted the position.

15. Mr. Jimenez told Ms. Nadeem that the posting was a mistake, and shortly thereafter the job posting was removed from LinkedIn.

16. The Senior Financial Analyst position remained vacant, with Ms. Nadeem performing the job duties of that role, until the spring of 2017, when Roman Duda was hired for the role.

17. Ms. Nadeem was not considered for the promotion, despite the fact that she had been performing the job duties of a Senior Financial Analyst for over a year.

18. Ms. Nadeem trained Mr. Duda on the duties of his position, and Ms. Nadeem continued to perform most of Mr. Duda's tasks.

19. Ms. Nadeem and Mr. Duda worked in Defendant's office in Willowbrook, Illinois, were responsible for the same business operations, reported to Mr. Jimenez, and had no direct reports themselves.

20. Ms. Nadeem was paid significantly less than Mr. Duda for the same work, the same responsibilities, and use of the same skills.

21. On information and belief, Defendant knew this pay disparity violated the Equal Pay Act and took actions to cover up this violation of the Equal Pay Act.

22. Defendants, by the actions and/or omissions alleged, violated the Equal Pay Act of 1963, 29 U.S.C. §206(d).

23. As a result of Defendant's violation of the Equal Pay Act, Ms. Nadeem suffered damages.

WHEREFORE, based upon the foregoing, Ms. Nadeem prays for:

   a. A settlement conference pursuant to Federal Rule of Civil Procedure 16 to assist her and Defendants to settle this case;

   b. An Order requiring Defendants to post notices concerning their duty to compensate its male and female employees equally for equal work;

3

    c. An Order enjoining Defendants from discriminating against employees on the basis of gender in the award of compensation;

    d. Reinstatement to her position or, in the alternative, pay for such a position for a reasonable time into the future;

    e. Backpay, employment benefits, and other compensation lost to her as a result of Defendant's violation of the Equal Pay Act;

    f. Liquidated damages for the harm caused by Defendant's violation of the Equal Pay Act;

    g. Prejudgment interest at the prevailing rate on the award of backpay, lost employment benefits, and other compensation lost to her as a result of Defendant's violation of the Equal Pay Act;

    h. Compensatory damages for the harm Ms. Nadeem suffered as a result of Defendant's violation of the Equal Pay Act;

    i. Reasonable attorneys' fees, expert witness fees, expenses, and the cost of this action and prior administrative actions; and

    j. Such other relief as this Court deems just and appropriate.

**COUNT II: Discrimination on the Basis of Sex, Title VII of the Civil Rights Act of 1964**

24. Plaintiff reincorporates and realleges paragraphs 1 through 10 as stated herein.

25. Ms. Nadeem is an "employee," and Defendant is an "employer," under Title VII of the Civil Rights Act of 1964.

26. Ms. Nadeem is female.

27. At all times relevant to this complaint, Ms. Nadeem performed her job at or above her employer's reasonable expectations.

28. Ms. Nadeem performed the same job duties as a male employee, for significantly lower compensation and benefits.

4

29. Ms. Nadeem was repeatedly promised promotions and raises, but Defendant repeatedly refused to follow through on these promises when it said it would, and instead, hired a man to allegedly fill the role while Ms. Nadeem continued to perform the job tasks for that individual.

30. Ms. Nadeem was constructively discharged on or about September 7, 2018.

31. As a result of Ms. Nadeem's constructive discharge, Ms. Nadeem lost wages and benefits, and suffered other damages.

WHEREFORE, based on the foregoing, Ms. Nadeem prays for:

    a. A settlement conference pursuant to Federal Rule of Civil Procedure 16 to assist her and Defendants to settle this case;

    b. An Order requiring Defendant to post notices concerning their duty to compensate its male and female employees equally for equal work;

    c. An Order enjoining Defendant from discriminating against employees on the basis of gender in the award of compensation and in the terms and conditions of employment;

    d. Reinstatement to her position or, in the alternative, pay for such a position for a reasonable time into the future;

    e. Backpay, employment benefits, and other compensation lost to her as a result of Defendant's violation of the Title VII of the Civil Rights Act of 1964;

    f. Prejudgment interest at the prevailing rate on the award of backpay, lost employment benefits, and other compensation lost to her as a result of Defendant's violation of Title VII of the Civil Rights Act of 1964, as amended;

    g. Compensatory damages for the harm Ms. Nadeem suffered as a result of Defendant's violation of Title VII of the Civil Rights Act of 1964;

    h. Punitive damages for Defendant's knowing and willful violation of Title VII of the Civil Rights Act of 1964, as amended;

    i.    Reasonable attorneys' fees, expert witness fees, expenses, and the cost of this action and prior administrative actions; and

    j.    Such other relief as this Court deems just and appropriate.

## **COUNT III: Retaliation in violation of Title VII of the Civil Rights Act of 1964**

32. Plaintiff reincorporates and realleges paragraphs 1 through 10 as stated herein.

33. Ms. Nadeem is an "employee," and Defendant is an "employer," under Title VII of the Civil Rights Act of 1964.

34. Ms. Nadeem performed her job duties at and above her employer's reasonable expectations.

35. Ms. Nadeem repeatedly asked to be promoted to Senior Financial Analyst, repeatedly complained to Defendant that she was already doing the job without the commensurate salary and title, and repeatedly complained to Defendant that Defendant's conduct was discrimination on the basis of sex.

36. Ms. Nadeem was denied the promotion to which she was entitled, and was constructively discharged, in retaliation for her complaints that Defendant's actions were discrimination on the basis of sex.

37. On information and belief, employees who did not protest discriminatory practices were treated more favorably than Ms. Nadeem.

38. Defendant's actions constitute a violation of the anti-retaliation provisions of Title VII of the Civil Rights Act of 1964, as amended.

39. As a result of Defendant's unlawful retaliation, Ms. Nadeem lost wages and benefits, and suffered other damages.

WHEREFORE, based on the foregoing, Ms. Nadeem prays for:

    a.    A settlement conference pursuant to Federal Rule of Civil Procedure 16 to assist her and Defendants to settle this case;

b. An Order enjoining Defendants from retaliating against employees for asserting rights protected by Title VII of the Civil Rights Act of 1964;

c. Reinstatement to her position or, in the alternative, pay for such a position for a reasonable time into the future;

d. Backpay, employment benefits, and other compensation lost to her as a result of Defendant's violation of the Title VII of the Civil Rights Act of 1964;

e. Prejudgment interest at the prevailing rate on the award of backpay, lost employment benefits, and other compensation lost to her as a result of Defendant's violation of Title VII of the Civil Rights Act of 1964, as amended;

f. Compensatory damages for the harm Ms. Nadeem suffered as a result of Defendant's violation of Title VII of the Civil Rights Act of 1964;

g. Punitive damages for Defendant's knowing and willful violation of Title VII of the Civil Rights Act of 1964, as amended;

h. Reasonable attorneys' fees, expert witness fees, expenses, and the cost of this action and prior administrative actions; and

i. Such other relief as this Court deems just and appropriate.

## JURY DEMAND

40. Ms. Nadeem requests a trial by jury for all counts of this Complaint.

Respectfully submitted,
Plaintiff,
Kanwal Nadeem,

By: _____
Plaintiff's Attorney

Lisa M. Stauff
Law Offices of Lisa M. Stauff

53 W. Jackson Blvd., Suite 624
Chicago, Illinois 60604
(312) 212-1036
LStauff@StauffLaw.com