JBC/JFS/ANL/lw

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| KANWAL NADEEM, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 19-CV-08253 |
| | ) | |
| vs. | ) | Honorable John Robert Blakey |
| | ) | |
| VISCOSITY OIL COMPANY, | ) | Magistrate Judge Honorable Jeffrey T. Gilbert |
| | ) | |
| Defendant. | ) | |

## DEFENDANT VISCOSITY OIL COMPANY'S MEMORANDUM IN SUPPORT OF RULE 12(b)(6) MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT, AND, INT THE ALTRNATIVE, MOTION TO STRIKE PURSUANT TO RULE 12(f)(2)

Defendant, VISCOSITY OIL COMPANY, by and through its attorneys, JOSEPH F. SPITZZERI and AMBER N. LUKOWICZ of JOHNSON & BELL, LTD., hereby moves this Honorable Court pursuant to FED. R. CIV. P. 12(b)(6) to dismiss Plaintiff KANWAL NADEEM's First Amended Complaint and, in the alternative, pursuant to FED. R. CIV. P. 12(f)(2), to strike certain allegations falling outside of the statute of limitations for Plaintiff's claims. In support of its Motion, Defendant states as follows:

## INTRODUCTION

Plaintiff has filed a three-count First Amended Complaint against her former employer. (ECF No. 29). Count I alleges that Defendant Viscosity Oil Company ("Viscosity") violated the Equal Pay Act of 1963 ("Equal Pay Act"). Count II claims that Viscosity discriminated against the Plaintiff in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") and Count III alleges retaliation in violation of Title VII. Viscosity herein moves to dismiss Plaintiff's First Amended Complaint for failure to state actionable claims, and, in the alternative moves to strike Paragraphs

11, 12, 13, 14, 15, 16, 17, 22, 23, 56, and 60 of Plaintiff's First Amended Complaint for falling outside the applicable time period for the associated claims.

## RELEVANT FACTUAL BACKGROUND

According to her Complaint, Plaintiff is female and was hired as a Financial Analyst by Viscosity in January of 2015. (ECF No. 29, ¶6). Plaintiff advised her supervisor she was interested in a promotion to Senior Financial Analyst, as there was no one in that position and she was performing some of the duties of that position[1]. Plaintiff was instructed that her supervisor was going to work on it. *Id*. at ¶11. At least half a year later, in late 2016, Plaintiff came across the job posting for Senior Financial Analyst on LinkedIn and indicated to her supervisor that she wanted the position. *Id*. at ¶13. Plaintiff was instructed that the position was posted by mistake and noticed the job posting was removed from LinkedIn. *Id*. at ¶14

In April 2017, a male was hired as a Senior Financial Analyst with Viscosity and the Plaintiff assisted in training him on the duties of that position. (ECF No. 29, ¶15 and ¶18). Plaintiff alleges that she and her male counterpart were responsible for the same business operations and reported to the same supervisor. *Id*. at ¶18-19, 34-35. Plaintiff's employment with Viscosity ended on September 7, 2018, through her own resignation from the position. *Id*. at ¶32.[2]

## LEGAL STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure mandates dismissal of a complaint that fails to state a claim upon which relief can be granted. To survive a motion to dismiss, a plaintiff must state sufficient facts to support every material element necessary for recovery under

---

[1] Notably, there was no open position for a Senior Financial Analyst at this time in the beginning of 2016, as the alleged job posting was not on LinkedIn until late 2016.

[2] Plaintiff alleges she was "constructively discharged" on this date; however, she does not elaborate on how or why. She does not state that the environment was hostile, or egregious, nor does she state she believed she was going to be discharged.

the relevant legal theory. *Papapetropoulous v. Milwaukee Transp. Svcs*., 795 F.2d 591, 594 (7th Cir. 1986). While a court must take all facts alleged in the complaint as true and draw all reasonable inferences from those facts in the Plaintiff's favor (*Sprint Spectrum L.P. v. City of Carmel, Ind*., 361 F.3d 998, 1001 (7th Cir. 2004)), the plaintiff must plead "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, neither will mere conjecture." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (holding that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice"). The complaint "must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'; if they do not, the plaintiff pleads [her]self out of court." *E.E.O.C. v. Concentra Health Serv., Inc*., 496 F.3d 773, 776 (7th Cir. 2007) (citing *Twombly*, 550 U.S. 544, 127 S. Ct. at 1965, 1973, n.14)..

"A plaintiff cannot survive a motion to dismiss by merely citing to a statute in a complaint" *Graham v. Illinois*, No. 07 C 7078, 2009 WL 1543821, *4 (N.D. Ill. June 3, 2009). Further, it is not enough to simply allege membership in a protected class and an adverse employment action to survive a motion to dismiss. *See Riley v. Vilsack*, 665 F. Supp. 2d 994 (W.D. Wisc. 2009); *Hanks v. Shinseki*, No. 3:08-CV-1594-G, 2009 WL 2002917, *1 (N.D. Tex. July 9, 2009); *Carpenters Health and Welfare Fund of Philadelphia v. Kia Enterprises, Inc.*, No. 09-116, 2009 WL 2152276, *1 (E.D. Pa. July 15, 2009). Indeed, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need to have detailed factual allegations, a plaintiff's obligation to provide the grounds of [his] entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *See Twombly*, 550 U.S. at 555. A complaint falls short if the facts pled do not "show that the pleader is entitled to relief." *Iqbal*, 556

U.S. at 679. Here, Plaintiff's Complaint fails to state a claim upon which relief can be granted and, therefore, must be dismissed in its entirety.

## ARGUMENT

**A.** **Plaintiff Fails to Adequately Allege Constructive Discharge against Defendant Viscosity, Thus Plaintiff's Allegations against Defendant Viscosity Alleging Plaintiff was Constructively Discharged in Counts II and III should be Dismissed.**

Plaintiff's allegations of unlawful conduct on the part of Defendant Viscosity do not rise to the level of intolerable or severe conduct as required by Federal law for a claim of constructive discharge. To plead a claim of constructive discharge, a plaintiff needs to show that her the employer "made the working conditions so intolerable as to force a reasonable employee to leave." *Miranda v. Wis. Power & Light Co*., 91 F.3d 1011, 1017 (7th Cir. 1996)[3]. In fact, working conditions alleged for constructive discharge must be even more intolerable than the "high standard for hostile work environment." *Tutman v. WBBM-TV, Inc./CBS, Inc.*, 209 F.3d 1044, 1050 (7th Cir. 2000) (quoting *Drake v. Minn. Mining & Mfg. Co*., 134 F.3d 878, 886 (7th Cir. 1998)).

In *Gilhooly v. UBS Sec., LLC*, 772 F. Supp. 2d 914, 918 (ND IL 2011), the plaintiff brought an employment discrimination suit on the basis of her sex under Title VII alleging that the defendant's constant criticism and harassment of her work left her with little choice but to resign. The Court held that the bare factual allegation of "constant criticism and harassment" did not give rise to a "plausible inference that workplace conditions were so intolerable that a reasonable person would have been compelled to resign." *Id*. at 918-919. The court continued its analysis by stating "constructive discharge must be based upon 'grossly offensive conduct and commentary.'" *Id*. at 919, citing for example *Brooms v. Regal Tube Co.,* 881 F.2d 412, 423 (7th Cir. 1989), rev'd on

---

[3] In *Miranda v. Wis. Power & Light Co*., 91 F.3d 1011, 1017 (7th Cir. 1996) the plaintiff's claim alleging constructive discharge was dismissed on summary judgment. However, the Court noted that the question of whether a constructive discharge occurred was also appropriate "for inquiry by virtue of a motion under FED. R. CIV. P. 12(b)(612(b)(6)." 91 F.3d at 1017 n.1.

other grounds, (supervisor showed employee several extremely offensive pornographic photographs, grabbed her arm when she attempted to seize a copy, and threatened to kill her); *Taylor v. Western and Southern Life Ins.*, 966 F.2d 1188, 1191 (7th Cir. 1992) (supervisor constantly used racist comments near employees, brandished a pistol, and put the pistol up to one employee's head).

Ultimately, the *Gilhooly* court held that plaintiff's "criticism and harassment" allegation lacked the required factual specificity and severity of conduct that was at issue in the Seventh Circuit cases of *Brooms* and *Taylor* and additionally made no allegations of conduct showing that she would have been discharged by the defendant. Thus, the *Gilhooly* court held that the plaintiff failed to adequately plead a claim for constructive discharge and dismissed the plaintiff's complaint. *Id*.

As demonstrated in *Gilhooly*, among other cases, unpleasant or even embarrassing employer actions are insufficient to affect a constructive discharge. *See Simpson v. Borg-Warner Auto., Inc.*, 196 F.3d 873, 877 (7th Cir. 1999) (plaintiffs lack of support from supervisor, failure by company to assign new employees to her shift, constraint on ability to supervise a male subordinate, and colleague's failure to support her efforts to discipline subordinates was insufficient to bring a claim of constructive discharge). Moreover, failure to promote does not constitute constructive discharge, nor does unequal pay or the failure to receive an expected pay raise. *See Lindale v. Tokheim Corp.*, 145 F.3d 953, 955 (7th Cir. 1998); *see also Brown v. N. Ill. Univ.*, No. 15 C 50154, 2015 U.S. Dist. LEXIS 168483, at *7 (N.D. Ill. Dec. 17, 2015). Alleged conduct which constitutes constructive discharge must include some allegation that the failure was so egregious forcing the employee to quit. *Id*.

Here, Plaintiff's allegations of working conditions that could be construed against Viscosity are limited to being denied a promotion, working long hours, and hiring a man for the position Plaintiff was seeking promotion to. Plaintiff does not allege any egregious comments made by any supervisor or other conduct by Viscosity which would amount to the necessary level of conduct to sustain an action for constructive discharge. Under *Gilhooly*, *Simpson* and *Brown*, and from a reasonable employee standpoint, none of these allegations are so egregious as to force Plaintiff to quit.

Plaintiff fails to allege any condition or conduct displayed towards her during her employment at Viscosity that would be considered "unbearable" to the point that Plaintiff was constructively discharged. Plaintiff simply ended her employment with Viscosity because she did not receive the job title or salary increase she expected and wanted and because the long hours the job apparently required, though Plaintiff never alleges she was threatened with termination or other retaliatory action. Additionally, nowhere in Plaintiff's complaint does she allege her working conditions at Viscosity were so intolerable as to force her, or any reasonable employee, to leave. Plaintiff alleges the male Senior Financial Analyst was hired in spring of 2017; however, Plaintiff does not associate any conduct by the male Senior Financial Analyst to her constructive discharge. Further, Plaintiff waited over a year to leave the company after the male Senior Financial Analyst was hired.

Hence, Plaintiff has failed to allege instances of intolerable, egregious and unbearable conduct from Viscosity that forced her to resign and would have forced a reasonable employee in her position to resign, amounting to constructive discharge. Simply put, being paid less than a counterpart does amount to an action for constructive discharge under Federal law. Therefore,

Plaintiff's allegations of constructive discharge in Counts II and III against Viscosity should be dismissed with prejudice and/or stricken from the pleading.

**B.      Plaintiff's Allegations In Count II And III Against Defendant Viscosity Fail To Establish A Prima Facie Case Of Gender Discrimination And Thus Should Be Dismissed.**

To establish a prima facie case of gender discrimination, a female plaintiff must show that she was qualified for the position, that her employer discharged her, and that the employer sought or hired a male to replace her.  *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 and n. 13, 93 S.Ct. 1817, 1824 (1973). First, Plaintiff's gender discrimination claim fails as she was not terminated. Plaintiff claims constructive discharge in an attempt to circumvent the requirement that she was discharged. However, as discussed above, her allegation of constructive discharge fails on its face as Plaintiff never alleged the conduct of Defendant Viscosity was intolerable or unbearable to her, forcing her to resign, and that the alleged conduct would have been unbearable to a reasonable employee. Thus, Plaintiff's Count II and III based on constructive discharge should be dismissed for failure to state a claim.

**C.      Plaintiff's Count III, Alleging Retaliation Under Title VII, Fails To Allege A Prima Facie Claim.**

Title VII's anti-retaliation provision provides that it is unlawful for an employer to discriminate against its employee because the employee filed a complaint or participated in an investigation of an unlawful employment practice. See id. § 2000e-3(a).  To succeed on a Title VII retaliation claim, a plaintiff "must produce enough evidence for a reasonable jury to conclude that (1) she engaged in a statutorily protected activity; (2) the [employer] took a materially adverse action against her; and (3) there existed a but-for causal connection between the two." *Burton*, 851 F.3d at 695; *Lord v. High Voltage Software, Inc.*, 839 F.3d 556, 563 (7th Cir. 2016).  Plaintiff establishes no causal link between her requesting a promotion and her "constructive discharge".  The dates

surrounding Plaintiff's retaliation count are noticeably missing. Though if we look at the allegations earlier in the Complaint, Plaintiff alleges she was "constructively discharged" on September 7, 2018 (ECF No. 29, ¶32) and Plaintiff's closest allegation of discrimination was in Spring of 2017 when Defendant hired Mr. Duda for the position that Plaintiff was seeking (ECF No. 29, ¶15). Plaintiff's allegations regarding retaliation, when taken with the Complaint as a whole, provide no causal link between the last date of alleged discrimination, Spring 2017 and Summer of 2018, and Plaintiff's eventual leaving of Defendant's employment on September 7, 2018. Therefore, Plaintiff's Count III should be dismissed for failure to state a claim for retaliation.

**D.**     **Plaintiff's Count II And Count III Should Be Dismissed Because Plaintiff's Allegations Of Discrimination Occurred Outside The 300 Day Limitations Filing Period Of Her Charge.**

Plaintiff filed her Charge with the EEOC on December 17, 2018. (ECF No. 1, Ex. A). Under Title VII, a charge "shall be filed within one hundred and eighty days after the alleged unlawful employment practice occurred." 42 USCS § 2000e-5(e)(1). Illinois is considered a "deferral state," extending the limitations period, because it has an administrative agency, the Illinois Department of Human Rights ("IDHR"), to which the EEOC defers. *Speer v. Rand McNally & Co.*, 123 F.3d 658, 662 n.l (7th Cir. 1997). Accordingly, the time limit to file a charge under the statute in Illinois is 300 days rather than 180 days. *See* 42 USCS § 2000e-5(e)(1); *see also EEOC v. Harvey L. Walner & Assocs.,* 91 F.3d 963, 970 (7th Cir. 1996).

Thus, only claims based on conduct occurring within 300 days of the filed charge will be considered timely. *See Speer*, 123 F.3d at 662; *Adm'r v. City of Chi*., 174 F. App'x 342, 344-45 (7th Cir. 2006). Here, the vast majority of Plaintiff's claims of gender discrimination arise before February 20, 2018 and are thus untimely. All allegations of discriminatory conduct contained in Paragraphs 4 through 8 of the Charge and referenced in Plaintiff's gender discrimination counts

either occurred prior to February 20, 2018, or fail to state a date certain on which the alleged conduct occurred, thus falling outside of the 300-day limitations period. (ECF No. 29, Ex. A).

Plaintiffs may extend the statute of limitations by claiming the benefit of a continuing violation theory. However, even if a plaintiff pursues the continuing violation theory, the Supreme Court in *AMTRAK* v. *Morgan* held that the continuing violation theory does not apply to discrete acts such as termination, failure to promote, denial of transfer, or refusal to hire because they are easy to identify. 536 U.S. 101, 114 (2002); *see also Dugan* v. *Ball State Univ.,* 815 F.2d 1132, 1134 (7th Cir. 1987) (considering plaintiff's Title VII claims relating to the denial of her promotion, the denial of a salary increase, and comparably less pay to a similarly situated male as separate and distinct violations). In *Moskowitz* v. *Trustees of Purdue University,* the Seventh Circuit expounded on the limitations of the continuing violation theory, stating that if a plaintiff "knows or with the exercise of reasonable diligence would have known after each act that it was discriminatory and had harmed him, he may not sit back and accumulate all the discriminatory acts and sue on all within the statutory period applicable to the last one." 5 F.3d 279, 281-82 (7th Cir. 1993).

A suit may be based on conduct that occurred outside the statute of limitations where "it would have been unreasonable to expect the plaintiff to sue before the statute ran on that conduct, as in a case in which the conduct could constitute, or be recognized, as actionable harassment only in the light of events that occurred later, within the period of the statute of limitations." *Galloway v. General Motors Service Parts Operations*, 78 F.3d 1164, 1167 (7th Cir. 1996), overruled on other grounds by *National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 117–118, 122 S.Ct. 2061, 153 L.Ed.2d 106 (2002). Plaintiff's allegations here are not specific enough to support an inference Viscosity engaged in a pattern of discrimination because it is unclear from the allegations

how many times Plaintiff was subsequently denied promotions in favor of male candidates as Plaintiff only alleges that Mr. Duda was hired into the position she was seeking. Nor does the Plaintiff offer any argument as to why she was unable to recognize this denial of promotion as discriminatory until her constructive discharge one-and-a-half years later. *See Morgan*, 536 U.S. at 114 ("[d]iscrete acts such as termination, failure to promote, denial of transfer, or refusal to hire are easy to identify.")

Here, Plaintiff did exactly what *Moskowitz* and *Morgan* prohibited: she sat back and accumulated alleged discriminatory acts known to her and sued on all within the statutory period applicable to the last act-her alleged constructive discharge on September 7, 2018. Plaintiff alleges various conduct that could constitute separate and distinct violations, including the denial of a promotion she alleges occurred in the first quarter of 2016 and in late 2016, and the hiring of a male for the Senior Financial Analyst position in spring of 2017, all which fall outside of the 300 day limitations period. (ECF No. 29, ¶11, 14, 16). If Plaintiff felt that this conduct was unfair to her or discriminatory she had ample opportunity to bring it to a supervisor's attention, to Human Resources' attention, or to file a charge with the EEOC at those points and within the 300 day limitations period. In Plaintiff's First Amended Complaint, Plaintiff for the first time alleges that she reported discrimination to Human Resources in summer of 2018. (ECF No. 29, ¶56). As such, her failure to bring the alleged violations within the time-period allotted under Title VII and Illinois law precludes her from asserting the untimely allegations now. Plaintiff knew the amounts of her salary compared to a similarly situated as alleged in her Complaint, Plaintiff should have brought these claims to the EEOC's notice within the allotted time period.

Like *Morgan,* the allegation in Plaintiff's Complaint are easily identifiable, "discrete acts" and yet Plaintiff did nothing. Discrete retaliatory or discriminatory acts occur on the day that they

happened. *See Morgan,* 536 U.S. at 110; *see also Del. State Call.* v. *Ricks,* 449 U.S. 250, 258 (1980) (proper focus is upon the time of the discriminatory acts, not upon the time at which the consequences of the acts became most painful.)  Accordingly, Plaintiff cannot rely upon acts that occurred before February 2018, to sustain her untimely claims of gender discrimination. *See id.* In short, Plaintiff's allegations and claims must exclude the alleged conduct that occurred before February 20, 2018, because Plaintiff failed to raise the conduct within the applicable 300-day limitations period necessary under Federal and Illinois law.

Plaintiff attempts to avoid the 300 days limitations period by leaving out the precise dates and general time periods of conduct in the allegations of her complaint. Plaintiff must allege these dates so defendant can properly address their timeliness.

### E.     Plaintiff's Count I, under the Equal Pay Act Should be Dismissed for Failure to state a Claim.

The Equal Pay Act prohibits discrimination in the payment of wages on the basis of gender. *See* 29 U.S.C. § 206(d). To state a prima facie case under the Equal Pay Act, a plaintiff must demonstrate that: "(1) the employer paid different wages to employees of opposite sexes, (2) for equal work requiring equal skill, effort and responsibility, and (3) the employees worked under similar working conditions." *Young v. Meystel, Inc.*, 1996 WL 385339, at *2 (N.D.Ill. July 13, 1996) (*citing Corning Glass Works v. Brennan*, 417 U.S. 188, 195, 94 S.Ct. 2223, 2228 (1974)). The Equal Pay Act ("EPA") prohibits discrimination in the payment of wages on the basis of gender. *See* 29 U.S.C. § 206(d). The EPA excepts pay disparities due to "(i) a seniority system; (ii) a merit system; (iii) a system which measures earnings by quantity or quality of production, or (iv) a differential based on any other factor other than sex" from the statutory prohibition. 29 U.S.C. § 206(d)(1).

Here, Plaintiff conveniently ignores two facts present in her allegations. First, Plaintiff conveniently glides over the fact that Mr. Duda, her supposed male counterpart, was hired at a different as her. Second, Plaintiff fails to allege that Mr. Duda and her had the same experience and the same skills. Mr. Duda and Plaintiff may have performed some of the same tasks; however, whether or not they had the same experience in financial analytics, including years of experience or the same level of education, plays significantly into whether Mr. Duda and the Plaintiff were paid equally. Though Plaintiff has a different gender than Mr. Duda, she must alleged that her experience and skills were the same to justify that the alleged pay disparity was in violation of the Equal Pay Act. Therefore, Count I of Plaintiff's First Amended Complaint must be dismissed.

**F.    In the Alternative to Dismissal of Count I of Plaintiff's First Amended Complaint, Plaintiff's Allegation And Claims Arising Prior To The Two-Year Statue Of Limitations Under The Equal Pay Act Should Be Stricken.**

The applicable statute of limitations for Equal Pay Act claims is found in the Fair Labor Standards Act, 29 U.S.C. § 255(a) ("FLSA"), which establishes a two-year limitations period for violations of the Equal Pay Act. A claim may accrue under the Equal Pay Act each time an allegedly insufficient paycheck is issued. *Lange v. United States*, 79 Fed.Cl. 628, 631 (2007). As a consequence, a claim arising from a paycheck issued more than two years before a suit is brought will be time-barred under 29 U.S.C. § 255(a). *Id*. at 629 (concluding that "each deficient paycheck gives rise to a separate violation of the [Act], and each violation must have occurred within the limitations period in order to be actionable").

Plaintiff filed her Complaint with this Court on December 17, 2019. Thus, all allegations in the Plaintiff's Complaint that arise before December 17, 2017 should be stricken. This includes paragraphs 10, 13, and 15, which state general dates outside of the statute of limitations, and paragraphs 11, 12, 14, 17 which do not state specific dates, but make reference to actions which

occurred before the statute of limitations. Therefore the allegations in paragraphs 10, 11, 12, 13 14, 15, and 17 should be stricken as occurring outside the statute of limitation for an Equal Pay Act claim.

**G.**    **In the Alternative to Dismissal of Counts II and II of Plaintiff's First Amended Complaint, Plaintiff's Allegations And Claims in Support of Her Title VII Claim, which were not included in her Illinois Department of Human Rights Charge or EEOC Charge Should Be Stricken.**

Lastly, Plaintiff's allegations that she reported the alleged gender discrimination to Human Resources in summer of 2018 was not alleged nor brought as part of her Illinois Department of Human Rights Charge or EEOC Charge. (ECF No. 29, Ex. A). This is a material allegation that Plaintiff should have asserted before the Department for consideration of her Charge. Plaintiff's failure to bring this allegation before the Department now prevents her from alleging it before this Court. Therefore, paragraphs 22, 23, 56, and 60 should be stricken from the First Amended Complaint for Plaintiff's failure to bring these alleged facts before the Illinois Department of Human Rights.

## <u>CONCLUSION</u>

For the foregoing reasons, Viscosity Oil Company respectfully requests that this Court dismiss Plaintiff's Complaint in its entirety, with prejudice, for failure to state a claim for which relief can be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure; and, that the Court strike Plaintiff's allegations in Paragraphs 11, 12, 13, 14, 15, 16, 17, 22, 23, 56, and 60 of her Complaint. Defendant requests any other relief this Court deems just and proper.

Respectfully submitted,

JOHNSON & BELL, LTD.


_____/s/ Amber N. Lukowicz_____
Amber N. Lukowicz; Bar Number:  6324266
One of the attorneys for Defendant
Viscosity Oil Company

Joseph F. Spitzzeri-ARDC#6184520
Amber N. Lukowicz-ARDC#6324266
Johnson & Bell, Ltd.
33 West Monroe Street, Suite 2700
Chicago, Illinois, 60603-5404
Phone: (312) 372-0770
Email: spitzzerij@jbltd.com
Email: lukowicza@jbltd.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 30, 2020 I electronically filed the foregoing document

with the Clerk of the Court using the CM/ECF system which will send notification of such filing

to all attorneys of record.


**s/ Amber N. Lukowicz**
Amber N. Lukowicz; Bar Number: 6324266
One of the attorneys for Defendant
Viscosity Oil Company
Johnson & Bell, Ltd.
33 West Monroe Street, Suite 2700
Chicago, IL 60603
Telephone: (312) 372-0770
Fax: (312) 372-2881
E-mail: lukowicza@jbltd.com