THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Kanwal Nadeem,<br><br>        Plaintiff,<br><br>vs.<br><br>Viscosity Oil Company.<br><br>        Defendant. | 1:19-cv-08253<br><br>Judge John Robert Blakey |

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION
TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff, Kanwal Nadeem, by and through counsel, opposes Defendant's Motion for Summary Judgment, as follows:

**BRIEF STATEMENT OF FACTS[1]**

Viscosity Oil Company ("Viscosity") hired Kanwal Nadeem as a Financial Analyst in December 2014. Def. SOF, ¶ 4. In mid-2016, Ms. Nadeem asked her supervisor, Luis Jimenez, to promote her to the vacant Senior Financial Analyst position in recognition of the increased responsibilities Ms. Nadeem had taken on. Pl. SOAF, ¶ 2. Mr. Jimenez agreed she deserved a promotion, and would see what he could do. Id. In December 2016, Ms. Nadeem saw the Senior Financial Analyst position posted on LinkedIn. Id. at ¶¶1-3. She asked Mr. Jimenez

---

[1] In the interests of brevity and to avoid duplicative reading, Plaintiff presents a condensed statement of facts to provide context. Plaintiff's Statement of Additional Facts ("Pl. SOAF"), and Plaintiff's Response to Defendant's Statement of Facts have been drafted to read as a complete narrative of the facts of the case.

1

about it, was told it was an error, and the job posting was withdrawn. Id. In April 2017, Ms. Nadeem got a raise and a "promotion" that did not change her job responsibilities or her title. Also in April 2017, Mr. Jimenez hired Roman Duda as a Financial Analyst. Id. at ¶¶ 9, 12. He and Ms. Nadeem had identical college degrees and MBAs. Id. Ms. Nadeem trained Mr. Duda, and they worked together in the same office, on similar or complimentary tasks. Id. at ¶¶ 10-11, 14-16, 28. Mr. Duda was out of the office a lot on personal leave, for a week or more a month, and Ms. Nadeem did his work while he was gone. Id. at ¶¶ 10-11, 13. In 2017 and 2018 Ms. Nadeem kept asking about the promotion; Mr. Jimenez said he was still working on it. Id. at ¶17.

Ms. Nadeem grew frustrated by the workload, the low pay, and growing observation that women had a hard time getting promoted at Viscosity. Id. She talked with Sharon Bellusci, the Controller, about this problem on several occasions. Ms. Bellusci referred Ms. Nadeem to Tatiana Villefort, Viscosity's global HR person to her concerns. Id. at ¶19.

In late August 2018, Ms. Nadeem and Mr. Duda were talking about work in the Viscosity kitchen. Id. at ¶20. Mr. Duda said he was looking to move out west to be closer to his family. Id. Ms. Nadeem said she was burned out from the workload, and from Mr. Jimenez dragging his feet on her promotion despite the high level of work she did. Id. Mr. Duda responded sympathetically by confessing he had actually been hired as a *Senior* Financial Analyst, but Mr. Jimenez would not let him use the "senior" in his title because it would cause problems with Ms. Nadeem. Id. at ¶¶ 21-22. Mr. Duda told Ms. Nadeem he was paid $89,000 per year, plus bonuses, which was nearly $30,000 more than Ms. Nadeem's salary. Id.

Ms. Nadeem was stunned; she saw Mr. Duda's work every day, they had similar or

2

complementary responsibilities, yet he was the Senior Financial Analyst making much more money. Id. at ¶23. Ms. Nadeem was then incensed when she realized how long she had been scammed by Mr. Jimenez. Id. Ms. Nadeem immediately went the Controller and the CEO to report what she had learned, and she promptly resigned. Id. at ¶¶25.

In this litigation, Viscosity produced Mr. Duda's and Ms. Nadeem's job descriptions. Ms. Nadeem's had not been updated since mid-2014. Id. at ¶ 27. Mr. Duda's job description listed many tasks and responsibilities handled by Ms. Nadeem or other employees. Id. at ¶ 28.

## **SUMMARY JUDGMENT STANDARD**

Summary judgment is required when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a); see also, *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Material facts are those that could affect the outcome of the case. *Cavender v. Sunbelt Rentals, Inc.*, 2007 U.S. Dist. LEXIS 78910 *2, 2007 WL 3119693 (S.D. Ind. 2007) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

A court must view all evidence and draw all reasonable inferences in favor of the non-moving party in order to determine if a material fact exists. *Weber v. Univ. Research Assoc., Inc.*, 621 F.3d 589, 592 (7th Cir. 2010). The court may not weigh conflicting evidence or make credibility determinations. *Omnicare, Inc. v. UnitedHealth Grp., Inc.*, 629 F.3d 697, 704 (7th Cir. 2011). Summary judgment is appropriate only if the record, taken as a whole, establishes no reasonable jury could find for the non-moving party. *Hobbs v. Sloan Valve Co.*, 2015 U.S. Dist. LEXIS 89629, *19 (N.D. Ill. 2015) (citation omitted).

Intent and credibility are crucial inquiries in employment discrimination cases,

warranting "added rigor" in applying the summary judgment standard to these disputes. *McCoy v. WGN Continental Broadcasting Co.*, 957 F.2d 368, 370-71 (7th Cir. 1992) (citations omitted).

## ARGUMENT

Defendant Viscosity Oil Company's ("Viscosity") motion for summary judgment must be denied in its entirety because a reasonable jury could conclude: 1) Viscosity violated Title VII of the Civil Rights Act of 1964 by denying Ms. Nadeem a promotion because of sex, which Viscosity tried to cover up by secretly hiring a man for the job promised to Ms. Nadeem, and then barring this employee from using his true job title in order to conceal Viscosity's deception from Ms. Nadeem; and 2) Viscosity violated the Equal Pay Act by paying Ms. Nadeem significantly less than a man performing the same job duties.

### I. Defendant's Supporting Affidavits

In support of its motion for summary judgment, Defendant relies upon affidavits of two Viscosity employees. These individuals are Marie Gurrola, the current Human Resources Manager, and Luis Jimenez, Viscosity's current Chief Financial Officer. Def. SOF, Exhibits 1 and 2. Motions to strike are disfavored in response to motions for summary judgment, and any objections to alleged facts are to be addressed in a response or reply brief. L.R. 56.1(e)(2).

Marie Gurrola began her career at Viscosity just two weeks before Ms. Nadeem resigned. Pl. SOAF, ¶ 26. Yet, Ms. Gurrola attests to facts without personal knowledge, and to facts without showing how she learned of the information. Gurrola Aff., Def. SOF, Exh. 1, ¶¶2, 6-7, 12-14. Paragraph 2 contains broad generalizations about how "all employees" at Viscosity are evaluated, paid, and promoted, but Ms. Gurrola does not indicate how she

4

knows this information; she provides no documentary support for the employment grades that she references. Id. at ¶2, 6-7, 12-14. A website is referenced, but no screenshots are tendered as exhibits to this affidavit. Id. Similar generalizations about how Ms. Nadeem's alleged job level, salary range, and career track were determined are seen in paragraphs 6-7, and with regard to Mr. Duda in paragraphs 12-14. Id. In *Parks v. Phillip Rock Ctr. & Sch.*, the Honorable John Z. Lee evaluated similar claims of personal knowledge in an affidavit sworn by an HR administrator. *Parks v. Phillip Rock Ctr. & Sch.*, 18 C 1523, **8-9 (N.D.Ill. Mar. 19, 2020, J. Lee). Judge Lee found similar assertions troubling for lack of personal knowledge and because there was no information in the record showing the HR administrator was involved in the decisions she attested to. *Id.* Judge Lee ruled the statements inadmissible and they were not considered. *Id.*

Mr. Jimenez made similar statements that lack personal knowledge, or any indication how the information is known to Mr. Jimenez. Jimenez Aff., Def. SOF, Exh. 2, ¶¶ 4-7.[2] Mr. Jimenez references a LinkedIn post, yet does not provide it. *Id.* at ¶4. Mr. Jimenez says the LinkedIn post "was taken down and the position not filled for reasons unrelated to Ms. Nadeem," but does not say what those reasons were. *Id.* at ¶ 5. These statements should be struck and disregarded.

Both Ms. Gurrola and Mr. Jimenez attest to broad statements about Ms. Nadeem's and Mr. Duda's work, and make conclusory statements about employment grades, and that Ms. Nadeem and Mr. Duda "were not performing equal work." Gurrola Aff., Def. SOF, Exh.

---

[2] Mr. Jimenez's affidavit is unsigned, or rather, an unsigned version was inadvertently filed with Defendant's motion. As a professional courtesy Plaintiff is not moving to strike the affidavit in order to give Defendant the opportunity to supplementally file the signed affidavit before Defendant's motion is fully briefed.

1, ¶¶ 13-14; Jimenez Aff., Def. SOF, Exh. 2, ¶¶ 5-7. "Speculation, conclusory allegations, and self-serving statements are not properly included in an affidavit supporting or opposing summary judgment and should be disregarded by the Court." *Brettler v. Purdue Univ.*, 408 F.Supp.2d 640, 664 n. 12 (7th Cir. 2006).

## II.     Title VII Discrimination Claim

Title VII bars employers from discriminating against employees because of their race, sex, color, religion, and/or national origin. 42 U.S.C. § 2000e, *et seq*. In actions brought for violations of Title VII "'the sole question that matters' is causation." *Joll v. Valparaiso Cmty. Sch.*, 953 F.3d 923, 929 (7th Cir. 2020) (citing *Ortiz v. Werner Enterprises, Inc.* , 834 F.3d 760, 764–65 (7th Cir. 2016)).  In the case at bar, the question that must be answered is whether Viscosity discriminated against Ms. Nadeem on the basis of sex.

The Seventh Circuit eliminated the distinction between the direct and indirect methods for analyzing summary judgment motions in *Ortiz v. Werner*, stating that "[t]he time has come to jettison these diversions and refocus analysis on the substantive legal issue." *Pearson v. Ill. Bell Tel. Co.*, 15 C 653, at *12 (N.D. Ill. Dec. 20, 2016) (citing *Ortiz v. Werner Enterprises, Inc.* at 764). But the burden-shifting method of proof described in *McDonnell Douglas Corp. v. Green*, can still be a useful tool where "discriminatory animus is [] hard to come by." *Id.* (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)).

Defendant's memorandum in support of its motion for summary judgment is silent as to Ms. Nadeem's *prima facie* case of discrimination.[3] Def. Brief, pp. 6-7.. To establish a *prima*

---

[3] It is also silent on the entirety of Ms. Nadeem's failure to promote claim. Defendant moved for summary judgment on Title VII wage discrimination, but Ms. Nadeem does not have a claim for wage discrimination under Title VII. Arguments not presented in the opening brief are waived and will not be considered. *Simpson v. Office of Chief Judge of Circuit Court of Will*

6

*facie* case of failure to promote under Title VII, Ms. Nadeem must show that "(1) she is a member of a protected class; (2) she is qualified for the position; (3) she was rejected for the position; (4) the position was given to someone outside the protected class who was similarly or less qualified than she." Jackson v. City of Chi., 552 F.3d 619, 622 (7th Cir. 2009).

Ms. Nadeem is female, and thereby satisfies the first prong. For the second prong Ms. Nadeem shows she was qualified for the promotion. *Outley v. City of Chi.*, 354 F. Supp. 3d 847, 863 (N.D. Ill. 2019). Ms. Nadeem need not show she was the *most* qualified for the promotion, just that she was qualified. *Id.* (citing *Baron* v. *City of Highland Park*, 195 F.3d 333, 340 (7th Cir. 1999)). Unrebutted evidence shows Mr. Jimenez told Ms. Nadeem on several occasions from 2016 through 2018 that he approved her promotion to Senior Financial Analyst, and said he was doing all he could to get the promotion pushed through Viscosity bureaucracy. Pl. SOAF, ¶ 17.

The third prong is met by Viscosity not promoting Ms. Nadeem and instead, secretly hiring Mr. Duda in July 2017 for the Senior Finance Account and Control Analyst position, and engaging in an elaborate scheme to keep this fact from Ms. Nadeem. Id. at ¶¶ 21-22.

Ms. Nadeem satisfies the fourth prong by showing that Mr. Duda, a member outside the protected class, received the Senior Financial Analyst position Ms. Nadeem had been promised. Id. Ms. Nadeem further satisfies this prong with unrebutted evidence that

---

*County*, 559 F.3d 706, 719 (7th Cir. 2009). At minimum, Defendant's silence concedes Ms. Nadeem's failure to promote *prima facie* case. However, by moving for summary judgment on a Title VII claim not asserted by Ms. Nadeem, Defendant has not moved for summary judgment on Count II at all. For this reason, the Court is urged to deny Defendant's motion on Count II immediately, and skip to the Equal Pay Act section of this brief. In the alternative, Ms. Nadeem presents a response to Defendant's motion as to Count II.

regardless of Mr. Duda's years of experience, Mr. Duda and Ms. Nadeem are similarly qualified for the Senior Financial Analyst position. Here is why: the job description provides unrebutted evidence that Mr. Duda's twenty years of finance and accounting experience were not necessary for the Senior Financial Analyst position. Id. at 31. Ms. Nadeem had more than enough years' experience to qualify for the promotion.

In failure to promote cases, a review of the job description or job advertisement is often probative of the employer's hiring priorities. *See, Courtney v. Biosound, Inc.,* 42 F. 3d 414, 421-422 (7th Cir. 1994) (inferences of pretext may be appropriate where the job listing is silent on qualifications the employer later deems 'essential' to the job). In the case at bar, the job description cuts against Viscosity's argument that Mr. Duda was vastly more qualified than Ms. Nadeem. The job description specifies six years' experience, not twenty. Pl. SOAF, ¶ 31. The job description does not list experience in the oil industry. Id. The job description does not list a preference for a CPA in the role. Id. Ms. Nadeem and Mr. Duda are equally overqualified as to education, because both have earned their MBAs (although the job requires just a bachelor's degree). Id. Further, the job description supports Ms. Nadeem's sworn testimony that she performed all of the non-Director job tasks on Mr. Duda's job description. A reasonable fact-finder could deem this plausible because Ms. Nadeem had the qualifications and experience for the role.

With the *prima facie* case satisfied by Ms. Nadeem (or waived by Defendant), we now turn to Defendant's only argument in support of summary judgment on Ms. Nadeem's Title VII claim: pretext. Defendant argues without citation to authority that its legitimate non-discriminatory reason for a pay disparity between Ms. Nadeem and Mr. Duda is Mr. Duda's superior qualifications. Def. Memo. In Support of Mot. S. J., Dkt. 68, pp. 7-8. Defendant offers

8

no legitimate non-discriminatory reason for denying Ms. Nadeem the promised promotion; it just asserts that Mr. Duda got the job. Id. Defendant relies upon the "transparent promotional ladder" it says — without evidentiary support — exists to evaluate employees for promotion and advancement. Id. There is no such thing as a promotional ladder at Viscosity, and grade ranking system has not been shared with employees. Id. at ¶¶ 4-6, 29

"Pretext means a lie, specifically a phony reason for some action." *Millbrook v. IBP, Inc.,* 280 F.3d 1169, 1175 (7th Cir.2002). "In the context of a motion for summary judgment, … 'if the employer offers a pretext — a phony reason — for [an adverse employment action], then the trier of fact is permitted, although not compelled, to infer that the real reason [an illegitimate discriminatory reason].'" *Jackson v. E.J. Brach Corporation*, 176 F.3d 971, 984 (7th Cir. 1999) (quoting *Anderson v. Baxter Healthcare Corp.,* 13 F.3d 1120, 1123 (7th Cir. 1994)). "The analysis of pretext focuses only on what the decisionmaker, and not anyone else, sincerely believed. " *Little v. Illinois Dept. of Revenue*, 369 F.3d 1007, 1015 (7th Cir. 2004).

In the case at bar, Mr. Jimenez is the relevant decisionmaker because: 1) Ms. Nadeem and Mr. Duda reported to Mr. Jimenez; Pl. SOAF, ¶ 9; 2) Mr. Jimenez told Ms. Nadeem he was working on putting her promotion through; Id. at ¶¶ 2, 17; 3) Mr. Jimenez hired Mr. Duda to be a Senior Financial Analyst by going through Robert Half instead of a public job posting; Pl. SOAF, ¶ 9; 4) Mr. Jimenez ordered Mr. Duda to not use "senior" in his job title to hide from Ms. Nadeem the fact that Mr. Duda and not Ms. Nadeem got the Senior Financial Analyst position.[4] Id. at ¶ 22.

---

[4] This is not rumor or inadmissible hearsay. This evidence could be admitted at trial as admissions of a party opponent, for the effect on the listener (Ms. Nadeem resigned as soon as she heard), or for other non-hearsay or hearsay exceptions not yet apparent. FRE 801(d)(2); FRE 805. Additionally, "the Federal Rules of Civil Procedure allow parties to oppose summary

9

A reasonable jury could infer Mr. Jimenez did not honestly believe a Senior Financial Analyst needed twenty years of experience. Why deceive Ms. Nadeem if his belief was honest? Experience is a legitimate nondiscriminatory reason to hire one person over another. *Scruggs v. Garst Seed*, 587 F.3d 832, 839-840 (7th Cir. 2009). If Mr. Jimenez honestly believed he needed Senior Financial Analyst with decades of experience (who was a CPA, and had experience in the oil industry), the easy, honest remedy was to update the job description to require twenty years' experience. Alas, Mr. Jimenez did not take the easy route. Mr. Jimenez hired Mr. Duda as a Senior Financial Analyst, barred Mr. Duda from using the actual job title, and managed to deceive Ms. Nadeem for a whole year before Mr. Duda confessed the truth to Ms. Nadeem. A reasonable jury could conclude Mr. Jimenez chose this convoluted path because he did not have an honest belief the position required Mr. Duda's decades of experience. Summary judgment should be denied when an employer's stated requirements for a position are ambiguous or change after an adverse action has been taken. *See, e.g., Courtney v. Biosound, Inc.*, 42 F.3d 414, 421-22 (7th Cir. 1994); *Shelton v. Northwestern Memorial Hospital*, 130 F. Supp. 2d 1001 (N.D. Ill. 2001); *Simpson v. Rykoff-Sexton, Inc.*, No. 97 C 6505, at *1 (N.D. Ill. Sep. 5, 2000).

Summary judgment should be denied where the employer's story has a "pretextual character [which] [is] so fishy and suspicious" that it alone warrants a trial. *Fischer v. Avanade*, 519 F. 3d 393, 403 (7th Cir. 2008) (quoting *Russell v. Acme-Evans Co.,* 51 F.3d 64, 69 (7th Cir. 1995)). In *Fischer v. Avanade*, summary judgment for the employer was reversed on a failure

---

judgment with materials that would be inadmissible at trial so long as *facts* therein could later be presented in an admissible form." *Olson v. Morgan* , 750 F.3d 708, 714 (7th Cir.2014).

to promote claim where the defendant had inconsistent and changing reasons (including "eleventh hour justifications") for not promoting plaintiff, convoluted promotions of other employees, and "illogical" non-explanations for not promoting plaintiff that exasperated the Seventh Circuit enough to remand for trial.

Viscosity far surpasses the *Fischer* defendant for illogical and exasperating explanations for its actions. To wit, Viscosity moved for summary judgment *without denying*:

- promising Ms. Nadeem the Senior Financial Analyst promotion through three annual review cycles in which Ms. Nadeem asked for the promotion; Pl. SOAF, ¶¶ 1-3, 17
- accidentally posting the job to LinkedIn in December 2016; Id. at 3;
- pulling the listing when Ms. Nadeem asked to apply for the job; Id. at 3;
- surreptitiously hiring Robert Half search for applicants; Id. at 9;
- hiring Mr. Duda in April 2016 as a Senior Financial Analyst, but making him use the lesser job title of Financial Analyst to deceive Ms. Nadeem; Id. at 21-22;
- convincing Ms. Nadeem that Mr. Duda was only a Financial Analyst by giving Mr. Duda the same duties; Id. at 14-16;
- allowing Mr. Duda a week off per month, leaving Ms. Nadeem to perform Mr. Duda's month-end work; Id. at 13-14;
- continuing to promise Ms. Nadeem the promotion after Mr. Duda had the job; Id. at 17;
- succeeding in this deception for over a year before Mr. Duda confessed as he was about to resign. Id. at 20-22.
- it ignored Ms. Nadeem and Mr. Duda's comparable educations. Id.

How is this fact pattern not "fishy and suspicious" enough to trigger a jury trial on pretext alone? Viscosity created the fiction that Mr. Duda was a mere Financial Analyst so it would not get caught denying Ms. Nadeem the deserved (and promised) promotion. This is not "illogical," it is insane. The "illogical" part is Viscosity arguing Mr. Duda was better qualified for the job. That hardly matters. The lengths Viscosity went through, and the deception it cultivated, to not promote Ms. Nadeem are "fishy and suspicious" enough to warrant trial

11

on its own. But as it turns out, as in *Fischer,* a reasonable jury could conclude Viscosity's deception was pretext for sex discrimination because like the *Fischer* plaintiff, Ms. Nadeem was vocal about the challenges women had getting promoted at Viscosity, and she had sought the counsel and solidarity of other women employees before and during Mr. Duda's employment. Pl. SOAF, 18-19. Therefore, just as in *Fischer*, a reasonable jury could conclude Viscosity's actions were pretext for unlawful discrimination on the basis of sex. Defendant's motion for summary judgment on Ms. Nadeem's Title VII claim must be denied.

   III.    Equal Pay Act

Ms. Nadeem establishes a prima facie case of wage discrimination under Equal Pay Act by showing: "(1) higher wages were paid to a male employee, (2) for equal work requiring substantially similar skill, effort and responsibilities, and (3) the work was performed under similar working conditions." *Stopka v. Alliance of American Insurers*, 141 F.3d 681, 685 (7th Cir. 1998). The parties do not dispute that Mr. Duda was paid more than Ms. Nadeem, thereby satisfying the first element. The third element is also satisfied because it is undisputed that Mr. Duda and Ms. Nadeem worked side-by-side in the same office space. *See, Corning Glass Works v. Brennan,* 417 U.S. 188, 202 (1974) ("working conditions" are the job hazards and physical surroundings of the employment).

Defendant disputes the second element. To show "equal work" Ms. Nadeem must present evidence that she and Mr. Duda shared a "common core of tasks" or "that a significant portion of the two jobs is identical." *Fallon v. State of Illinois,* 882 F. 2d 1206, 1209 (7th Cir. 1989). The focus is on the actual content of the jobs, not classifications, descriptions, or titles. *Stopka,* at 686, n.5.

12

Ms. Nadeem swore a detailed declaration based upon personal knowledge, addressing the specific tasks listed for Mr. Duda's position in the job description produced by Defendant.[5] Pl. SOAF, at ¶¶ 28-29. The job description Defendant produced contains twenty-six paragraphs, nine of which include "director-level" responsibilities that neither Ms. Nadeem nor Mr. Duda ever performed. Id. at ¶28. The seventeen remaining tasks were Ms. Nadeem's responsibility all or part of the time, before and after Mr. Duda was hired. Id. Additionally, Ms. Nadeem saw no evidence *for a year* that Mr. Duda had the Senior Financial Analyst position she was determined to get. Id. at ¶ 21. Neither Ms. Nadeem nor Mr. Duda supervised anyone, and both reported directly to Mr. Jimenez. A reasonable jury could conclude Ms. Nadeem's radar would have picked up higher-level responsibilities being assigned to Mr. Duda, given that she sat next to him every day for over a year. Additionally, Ms. Nadeem makes a showing that she had the same or more responsibilities. Id. at 28.

Mr. Duda was a CPA, but this is irrelevant because the job did not require being a CPA, and "possession of a skill not needed to meet the requirements of the job cannot be considered in making the determination regarding the equality of skill." 29 C.F.R. 1620.15(a). Mr. Duda also had two decades of finance and accounting, fourteen years of it at an oil company, but that is also irrelevant because Ms. Nadeem's seven years of accounting experience exceeded the requirements of the position at the time of Mr. Duda's hiring. Id.

Viscosity attempts to rebut these assertions with two affidavits comprised of vague, conclusory statements denying Ms. Nadeem and Mr. Duda performed equal work. Def. SOF,

---

[5] Ms. Nadeem's purported job description had not been updated since her 2014 hire, even after the April 2017 raise and alleged promotion to a purportedly higher-grade Financial Analyst. \_\_\_\_\_

13

Exh. 1 and 2. For the reasons stated at the beginning of this brief, these vague, conclusory statements should be disregarded and Ms. Nadeem's contrary assertions deemed admitted by Viscosity.

Once Ms. Nadeem establishes a prima facie case of wage discrimination under the Equal Pay Act, Viscosity must prove, and not just assert, that different pay is warranted for non-discriminatory reasons. King v. Acosta Sales & Mktg., Inc., 678 F.3d 470, 474 (7th Cir. 2012) (reversing grant of summary judgment for defendant and remanding Equal Pay Act claim for trial for defendant to "prove, and not just assert," nondiscriminatory reasons for pay disparities between men and women). Viscosity put no evidence in the record that supports this defense. Defendant's brief merely reiterates parts of the job description without evidence that Mr. Duda actual bore responsibility for any of these tasks, and has one sentence reporting that "Plaintiff and Mr. Duda had different levels of experience and certifications at the time of their respective hirings." Def. Brief, p. 10-11. Viscosity has no affirmative defense to Ms. Nadeem's Equal Pay Act claim. Summary judgment must be denied.

## CONCLUSION

Defendant's motion for summary judgment is baseless because Ms. Nadeem has established many genuine issues of material fact which could convince a reasonable jury that Defendant violated Title VII and the Equal Pay Act.

Respectfully submitted,<br>
Kanwal Nadeem<br>
Plaintiff,<br>
<br>
By: /s/ Lisa M. Stauff<br>
Plaintiff's Counsel

Lisa M. Stauff
Law Offices of Lisa M. Stauff
53 W. Jackson Blvd., Suite 624
Chicago, Illinois 60604
(312) 212-1036
LMStauffLaw@gmail.com
LisaStauff@gmail.com
Cjwhite@staufflaw.com

CERTIFICATE OF SERVICE

I, Lisa M. Stauff, and attorney, certify and attest that the attached documents were served upon all parties of record by the Court's CM/ECF System, at the time of filing.

/s/ *Lisa M. Stauff*

Lisa M. Stauff
Law Offices of Lisa M. Stauff
53 W. Jackson Blvd., Suite 624
Chicago, Illinois 60604
(312) 212-1036